JOHN C. FOGG, Respondent, v. JOHN EDWARDS, Appellant.

*Right of a plaintiff to offer in evidence an original answer, after an amended complaint and answer have been served — right of the plaintiff to disprove the allegations contained in such original answer.*

Appeal from a judgment in favor of the plaintiff, entered upon the report of a referee.

An amended complaint and answer had been served in the action.    Upon the trial the plaintiff offered in evidence the original answer, and the same was received by the referee against the defendant's objection and exception.    The plaintiff was also allowed against the defendant's objection and exception to give evidence tending to contradict and disprove certain of the allegations contained in the said original answer.

With reference to these rulings of the referee the court at General Term said :

" We think the original answer was properly received as evidence, under the circumstances.    While the service of the amended answer had the effect to supersede the original as a pleading, it did not have the effect to render it inadmissable as evidence ; it could be received for the latter purpose, but subject to explanation. (*Strong* v. *Dwight*, 11 Abb. Rep. [N. S.], 319; *Bearss* v. *Coply*, 10 N. Y., 93; *Lawrence* v. *Ocean Ins. Co.*, 11 Johns. Rep., 260.)

" Philips on Evidence (vol. 2, p. 70), speaking of using defendant's answer in evidence, says : ' And though a defendant has a right to claim that the whole shall be read and taken together, yet it does not follow that all in his favor shall operate as evidence for him of equal weight with that which goes against him. But the allegations, adverse to the plaintiff, may either be discredited by matters apparent on the answer itself, or by proving perjury in some particulars, or *by direct proof contradicting all the allegations adverse to the party who called for the answer.'*

" It will be observed that the grounds of objection stated at the trial to the introduction of the answer were very different from those raised and insisted upon by the defendant's counsel on this appeal. The grounds of objection stated to the referee were the following :

" First. That it is only competent, as the declaration of the defendant, to contradict, and that the defendant has not, up to the time, been examined.

" Second. That the paper offered was an answer to a complaint, the original complaint in this action ; that the original complaint has been superseded by an amended complaint, which entirely changed the cause of action and entirely changed the allegations ; and that the paper offered has been entirely superseded by the service of an amended answer to the amended complaint.

" Third. That it is not competent in any aspect.

" And on the further ground that it is offered by the plaintiff to operate as an estoppel, and is not competent in that aspect.

" We do not perceive that the defendant, upon the trial, demanded the introduction of the original complaint, or offered it himself, at a basis for the objection which he now seeks to raise. When the answer was offered as evidence by the plaintiff, the defendant was called upon to state clearly any objection which he had to its introduction, for, if so stated, they might have been obviated.

"Although the answer was introduced as evidence by the plaintiff, he was not concluded by it, to such an extent, as not to be allowed to explain the facts therein stated. It was in no sense like the introduction of a witness by a party, and then attempting to impeach the witness. That rests upon a very different principle, wholly inapplicable to the question here raised. There is no

rule better understood than that a party may show that his own witness is mistaken in regard to a fact to which he testifies. We are convinced that no error was committed either in allowing the answer to be introduced as evidence, or in receiving the evidence of the plaintiff in relation to the facts therein stated."

*Hall* and *Blundy*, for the appellant. *Eugene Smith*, for the respondent.

Opinion by INGALLS, J.

DAVIS, P. J., and BRADY, J., concurred.

Judgment modified as directed in opinion, without costs.